IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLY STEFANOWICZ, <br> 701 Moore Avenue <br> Lewisburg, PA 17837 | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| PLAINTIFF, | ) <br> ) | CIVIL ACTION NO.: 02-2600 |
| vs. | ) <br> ) | |
| BUCKNELL UNIVERSITY, <br> KARI CONRAD, and <br> WAYNE BROMFIELD, ESQ. <br> Lewisburg, PA 17837 | ) <br> ) <br> ) <br> ) <br> ) | |
| DEFENDANTS. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER EMERGENCY MOTION FOR PRELIMINARY INJUNCTION**

# TABLE OF CONTENTS

I. STATEMENT OF FACTS .................................................................................. 1

II. SUMMARY OF RELIEF REQUESTED ............................................................ 1

III. LEGAL ARGUMENT ........................................................................................ 3

A. Plaintiff Has a Reasonable Probability of Success on the Merits ................... 4

1. Compelling Plaintiff to Attend the October 5, 2010 HBSM Hearing Violates Due Process Pursuant to the Fourteenth Amendment ............................................. 4

2. Compelling Plaintiff to Attend the October 5, 2010 HBSM Hearing Without Counsel Violates the Sixth Amendment ............................................................. 9

3. Defendant Bucknell's Actions Violates Title IX, 20 U.S.C. §§ 1681-1688 ........ 10

B. Plaintiff Will Suffer Immediate and Irreparable Harm if Compelled to Attend the HBSM Hearing on October 5, 2010 ................................................................ 12

C. There Is No Prejudice or Harm to the Non-Moving Party ............................. 14

D. Granting Such Preliminary Injunctive Relief is in the Interest of the Public ... 15

V. CONCLUSION ................................................................................................ 15

## TABLE OF AUTHORITIES

CASES                                                                                                      Page(s)

Adams v. Freedom Forge Corp., 204 F.3d 475 (3rd Cir. 2000) ........................................ 3,4

American Greetings Corp. v. Dan-Dee Imports, Inc., 807 F.2d 1136 (3rd Cir. 1986) .............................................................................................................................. 4

Barrett v. W. Chester Univ. of Pa., 2003 U.S. Dist. LEXIS 21095 (E.D. Pa. 2003) ........ 11,15

Blackburn v. Fisk University, 443 F.2d 121 (6th Cir. 1971) ................................................ 6

Bougher v. University of Pittsburgh, 882 F.2d 74 (3rd Cir. 1989) ..................................... 10

Brewer v. Williams, 430 U.S. 387 (1977) ............................................................................ 9

Byrne v. Clastro, 205 Fed. Appx. 10 (3rd Cir. 2006) ........................................................... 4

Chainey v. Street, 523 F3d 200 (3rd Cir. 2008) ............................................................... 4,5

Cnty. of Sacramento v. Lewis, 523 U.S. 833 (1998) ........................................................... 5

Cohen v. Brown Univ.., 809 F. Supp. 978 (Dist. R.I. 1992)) ............................................. 15

Daniels v. Williams, 474 U.S. 327 (1986) ........................................................................... 4

Dawn L. v. Greater Johnston Sch. Dist., 586 F. Supp. 2d. 332 (3rd Cir. 2008) ................ 10

Gabriolowitz v. Newman, 582 F.2d 100 (1st Cir. 1978) ...................................................... 9

Gorman v. Univ. of R.I. 837 F.2d 7 (1st Cir. 1988) ........................................................... 6,7

Haffer v. Temple University, 688 F.2d 14 (3rd Cir. 1982) ................................................. 10

Jane Doe v. North Alleg. Sch. Dist., 2009 U.S. Dist. LEXIS 89397 (3rd Cir. 2009) ........ 10,11

Maier v. Canon McMillian Sch. Dist., 2009 U.S. Dist. LEXIS 74342 (3rd Cir. 2009) .......... 10

Mathews v. Eldridge, 424 U.S. 319 (1976) ............................................................. 8,9,10,11

Morrison v. Kimmelman, 752 F.2d 918 (3rd Cir. 1985) ..................................................9,10

Shuman v. Penn Manor Sch. Dist., 422 F.3d 141, 149 (3rd Cir. 2005) ...........................4,6

Trs. of Dartmouth College v. Woodward, 17 U.S. (4 Wheat) 518 (1819) ............................6

United Artists Theatre Inc. v. Twp. of Warrington, 316 F.3d 392 (3rd Cir. 2003) ..................5

Univ. of Texas v. Camenisch, 451 U.S. 390 (1981) .............................................................4

Williams v. School Dist., 998 F.2d 168 (3rd Cir. 1993) .........................................................6

Woodis v. Estark Cmty. Coll., 160 F.3d 435 (8th Cir. 1999) .................................................6

Univ. of Texas v. Camenisch, 451 U.S. 390 (1981) ...........................................................15

Zinermon v. Burch, 494 U.S. 113 (1990) .............................................................................4

Statutes/Regulations
    Page(s)

22 Pa. Code § 12.8(a)(2005) ...............................................................................................6

Title IX, 20 U.S.C. §§ 1681-1688 .................................................................................10,11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLY STEFANOWICZ,<br>701 Moore Avenue<br>Lewisburg, PA 17837 | ) ) ) ) ) | |
| PLAINTIFF, | ) ) ) | CIVIL ACTION NO.: 02-2600 |
| vs. | ) ) ) | |
| BUCKNELL UNIVERSITY,<br>KARI CONRAD, and<br>WAYNE BROMFIELD, ESQ.<br>Lewisburg, PA 17837 | ) ) ) ) ) ) | |
| DEFENDANTS. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER EMERGENCY MOTION
FOR PRELIMINARY INJUNCTION**

## I. STATEMENT OF FACTS

Plaintiff incorporates by reference the facts asserted in her Motion, filed simultaneously herewith.

## II. SUMMARY OF RELIEF REQUESTED

Plaintiff's Emergency Motion for Preliminary Injunction seeks to temporarily halt and otherwise enjoin the unconstitutional and unlawful conduct and/or actions by Defendants, Bucknell University, Kari Conrad, Associate Dean for Students at the University, and Wayne Bromfield, the University's General Counsel (collectively referred to as "Defendant

1

Bucknell") with respect to the University's improper initiation of its internal adjudicatory procedures regarding victims of sexual misconduct, including the scheduling of a Hearing Board for Sexual Misconduct (HBSM).

*Specifically, Plaintiff seeks to enjoin Defendant Bucknell from commencing the Hearing Board for Sexual Misconduct (HBSM) adjudication, <u>scheduled for Tuesday October 5, 2010, starting at 5:00 p.m.</u> Pursuant to the University's Student Code of Conduct, Plaintiff is being compelled to attend the HBSM hearing, at which she will be forced to make statements and be subjected to cross-examination by Mr. Dempsey himself (with the questions likely prepared by his criminal defense attorney). She is prohibited by the University from having counsel at her side. Moreover, the hearing is recorded, such that statements she is compelled to make can be twisted against her by her attacker during his later criminal prosecution and/or in an effort by him again to seek criminal charges against his victim. Unless the Defendants are stopped, Plaintiff faces the unconscionable and untenable quandary of:*

*(a) participating in Defendant Bucknell's HBSM hearing, which will compromise her constitutionally protected rights to due process under the Fourteenth Amendment to the Constitution, and other federal rights including a victim's right to assure the Commonwealth has a level playing field in the criminal prosecution of her attacker, and which will force her to be in close proximity to and under the cross-examination control of her attacker, of whom she remains in great fear, or*

2

*(b) opting not to participate in the hearing and thereby be exposed to a high risk of school sanctions, including being found guilty <u>in absentia</u> by the University on the unfounded charges filed in retaliation by Mr. Dempsey (which would have horrible repercussions for Plaintiff now and forever into her future), suspension for failing to appear at the hearing as it relates to her assault at the hands of Mr. Dempsey, and other academic punishments, thereby implicating her property and other protected interests in her ongoing education.*

Plaintiffs Emergency Motion for Preliminary Injunction should be granted because: **1)** There is no adequate remedy at law and Plaintiff has a reasonable probability of success on the merits pertaining to violations of: a) her rights to due process and equal protection under the Fourteenth Amendment; b) her rights to counsel under the Sixth Amendment; and c) Title IX (20 U.S.C. §§ 1681-1688); **2)** Plaintiff will suffer immediate and irreparable harm if compelled to attend and participate in the HBSM hearing on October 5, 2010; **3)** Plaintiff will suffer immediate and irreparable harm if she does not attend the hearing on October 5, 2010; **4)** there is no prejudice or harm to any non-moving party; and **5)** granting the requested emergency preliminary injunctive relief is in the interest of the public.

### III.   **LEGAL ARGUMENT**

In determining whether to grant a preliminary injunction, the District Court must evaluate whether Plaintiff is: 1) reasonably likely to succeed on the merits and 2) likely to suffer irreparable harm without a preliminary injunction. See <u>Adams v. Freedom Forge</u>

3

Corp., 204 F.3d 475, 484 (3rd Cir. 2000); Byrne v. Clastro, 205 Fed. Appx. 10, 1006 U.S. App. Lexis 27738 at *10 (3rd Cir. 2006); and American Greetings Corporation v. Dan-Dee Imports, Inc., 807 F.2d 1136, 1140 (3rd Cir. 1986). Because of the haste that is often necessary to preserve the relative positions of the parties and to protect the movant from irreparable injury, a preliminary injunction is often granted on the basis of less formal procedures than a trial on the merits. Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981). In addition, the evidence on which the decision to grant or deny the motion is based is frequently much less complete than a trial record. Id. Thus, a party is not required to prove his case in full at a preliminary injunction proceeding. Id.

### A. Plaintiff Has a Reasonable Probability of Success on the Merits.

#### 1. Compelling Plaintiff to Attend the October 5, 2010 HBSM Hearing Violates Due Process Pursuant to the Fourteenth Amendment.

Under the Fourteenth Amendment to the Constitution, no party, including an institution of higher learning, shall "deprive any person of life, liberty, or property, without due process of law . . . ." See Shuman v. Penn Manor Sch. Dist., 422 F.3d 141, 149 (3rd Cir. 2005) (citing to U.S. CONST. amend. XIV, § 1). Furthermore, the due process clause under the Fourteenth Amendment contains a substantive component that bars certain arbitrary, wrongful actions "regardless of the fairness of the procedures used to implement them.'" Zinermon v. Burch, 494 U.S. 113, 125 (1990) (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)). Conduct can violate substantive due process if it "shocks the conscience," which encompasses "only the most egregious official conduct." Chainey v. Street, 523 F.3d

200, 219 (3d Cir. 2008) (quoting <u>United Artists Theatre Circuit, Inc. v. Twp. of Warrington</u>, 316 F.3d 392, 400 (3d Cir. 2003)). The conduct must be "intended to injure in some way unjustifiable by any government interest...." <u>Cnty. of Sacramento v. Lewis</u>, 523 U.S. 833, 849 (1998).

Here, Plaintiff's Fourteenth Amendment rights have been unduly compromised by Defendant for a number of reasons. First, as described herein, Defendant has set up an unfair, unequal, and disparate HBSM hearing structure, protocol, and process, and places one party to the hearing in a more advantageous situation. The HBSM hearing provides Mr. Dempsey with procedural and psychological advantages over Ms. Stefanowicz. Furthermore, the unfair procedure set up by the Defendants works to the disadvantage of the Commonwealth with regard to its criminal prosecution of Mr. Dempsey (and in which Ms. Stefanowicz has a vested interest both as victim and complaining witness). It is important to note that with respect to his criminal matter, Mr. Dempsey would not and does not have any right to such discovery materials until after his Preliminary Hearing.

Second, there is ample evidence to support that unfair, unequal, and disparate treatment is the product of gender discrimination. As set forth herein, Bucknell University has an extensive history of using various procedures and processes that discriminate against female victims of sexual crimes or misconduct. The law requires that institutions of higher learning afford students equal opportunity, and "not impose different benefits or

5

different burdens upon the members of a society based on the fact that they may be man or woman." Williams v. School Dist., 998 F.2d 168, 177 (3rd Cir. 1993).

Additionally, procedural due process applies with respect to college disciplinary and hearing proceedings. See Woodis v. Estark Cmty. Coll., 160 F.3d 435, 440 (8th Cir. 1999); Gorman v. Univ. of R.I., 837 F.2d 7, 12 (1st Cir. 1988). Even in instances where the due process clause may not apply to a private university's disciplinary proceedings, a private university must nevertheless comply with its own procedural rules. See Blackburn v. Fisk University, 443 F.2d 121, 123 (6th Cir. 1971) (citing Trs. of Dartmouth College v. Woodward, 17 U.S. (4 Wheat.) 518 (1819)).

Under the Pennsylvania Administrative Code, "education is a statutory right, and students must be afforded all appropriate elements of due process if they are to be excluded from school." See 22 Pa. Code § 12.8(a) (2005); see also, Shuman v. Penn Manor Sch. Dist., 422 F.3d 141 (3rd Cir. 2005) (Pennsylvania Administrative Code provision establishes property interest in a right to education).

In the instant matter, Defendants' unfair, disparate, and unequal treatment of Plaintiff constitutes violations of both substantive and procedural due process. First, Plaintiff is being compelled to decide between going forward with the HSBM hearing at the expense of her constitutional rights as a victim or not attending the HSBM hearing, subjecting her to being found guilty *in absentia* and to academic sanctions that will permanently and adversely affect her future. As set forth by the Court in Gorman, "the hearing, to be fair in

the due process sense, implies that the person adversely affected was afforded the opportunity to respond, explain, and defend....[W]hether the <u>hearing was fair depends upon the nature of the interest affected and all of the circumstances of the particular case</u>." <u>Id</u>. at 24 (emphasis added). The fact that Plaintiff is now faced with this unconscionable and untenable decision between two constitutionally violative outcomes, is clearly a unique circumstance that should be taken into consideration when assessing fairness in the matter herein, especially where Plaintiff's opportunity to fully participate in the process has been stifled, hindered, and limited by the hearing process established by Defendant.

Second, Defendants have skewed the University's established policies, procedures and due process principals. For instance, contrary to the University's established practice that internal hearings are to come after external related hearings, in this case, for an unknown and undisclosed reason, Defendants have decided to do just the opposite. Such decision has been made despite Plaintiff counsel's repeated efforts for disclosure of the reasons, policy basis, or specific factors that prompted such dramatic change in policy and protocol. As the Supreme Court has set forth, "due process, which may be said to mean fair procedure, is not a fixed or rigid concept, but, rather, is a flexible standard which varies depending upon the nature of the interest affected, and the circumstances of the deprivation." <u>Mathews v. Eldridge</u>, 424 U.S. 319, 334 (1976); <u>see also Gorman</u> at 14 (discussing that "Courts have had to ascertain the scope of the protection required in a particular setting, as well as an accommodation of the competing interests involved"). With

respect to Plaintiff, Defendants have failed to be flexible or accommodating in their approach to the hearing process. Rather, they have ignored, disregarded, and minimized their own policy (a policy of which Plaintiff is an intended beneficiary), and have ignored, disregarded, and minimized Plaintiff's constitutional rights to have a fair hearing and her rights as a victim duly protected.

Third, two independent law enforcement bodies, the District Attorney and the Bucknell University Police Department, separately determined that Mr. Dempsey's criminal accusations against Plaintiff are unfounded. Yet, contrary to the independent judgments of professional law enforcement personnel, the Defendants have refused to make an internal determination, consistent with established principles of due process, that Mr. Dempsey's complaints against Plaintiff are unfounded.[1] In so conducting themselves, Defendants have allowed Mr. Dempsey to usurp established policy, practice and protocol, by having an opportunity to confront Plaintiff, including as it relates to his baseless charges against her. Rather than carefully balancing the competing interests of the parties, Defendants have heavily weighed the process in favor of Mr. Dempsey. Such is again contrary to principals of due process. See Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976) (holding that "the span of procedural protections required to ensure fairness becomes uncertain, and must be

---

[1] Indeed, the University Police is an arm of the University. As such, the University is arguably presenting conflicting positions regarding the lack of merits of Mr. Dempsey's complaint.

determined by a careful weighing or balancing of the competing interests implicated in the particular case").

### 2. Compelling Plaintiff to Attend the October 5, 2010 HBSM Hearing Without Counsel Violates the Sixth Amendment

The Sixth Amendment "was adopted to safeguard the trial and the integrity of the fact-finding process and the fundamental rights" of the parties. See Morrison v. Kimmelman, 752 F.2d 918, 921 (3rd Cir. 1985); see also Morrison 752 F.2d at 921 (discussing that the Sixth Amendment right to counsel is an "essential component of our constitutional system"); Brewer v. Williams, 430 U.S. 387, (1977) (right to counsel at or after the initiation of adversarial proceedings). *Importantly, withholding or barring counsel in a student's disciplinary hearing has been held to violate due process.* See Gabrilowitz v. Newman, 582 F.2d 100 (1st Cir. 1978). The presence of counsel at student disciplinary proceedings is also consistent with and does not interfere with a school's "promulgation of procedures for the resolution of student disciplinary problems." Gabrilowitz at 106.

Where there is a pending external criminal matter, the Courts have noted the importance of having counsel at a student disciplinary proceeding. As the Court in Gabrilowitz explained:

> The limited role of counsel that we are considering, however, would not be very intrusive. Counsel would be present only to safeguard appellee's rights at the criminal proceeding, not to affect the outcome of the disciplinary hearing. Counsel's principal functions would be to advise appellee whether he should answer questions and what he should not say so as to safeguard appellee from self-incrimination; and to observe the proceeding first-hand so as to be better prepared to deal with attempts to introduce evidence from the hearing at a later criminal proceeding.

9

Id. at 106.

Turning to the matter herein, Defendants' policies and procedures precluding students from having the right to counsel at any HBSM hearing, violates Plaintiff's Fifth and Sixth Amendment rights, and her due process rights. Given that there is still an outstanding external criminal proceeding, and given Mr. Dempsey's efforts to have Ms. Stefanowicz criminally charged, Plaintiff is Constitutionally at risk. For example, if Ms. Stefanowicz is compelled to speak in her own defense, Mr. Dempsey could use Ms. Stefanowicz's hearing testimony as fodder for future efforts to sound out criminal (or even civil) complaints against his victim. Furthermore, Mr. Dempsey may similarly try to use such compelled statements in an effort to prejudice the District Attorney's case against him.

### 3. Defendants' Actions Violate Title IX, 20 U.S.C. §§ 1681-1688.

In addition to the Fourteenth Amendment, Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688, provides:

> No person shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

Id. at § 1681 (a)(2006); see also Haffer v. Temple University, 688 F.2d 14, 15 (3rd Cir. 1982); Maier v. Canon McMillian School Dist., 2009 U.S. Dist. LEXIS 74342 (3rd Cir. 2009); Bougher v. Univ. of Pittsburgh, 882 F.2d 74 (3rd Cir. 1989); R.M. Smith v. N.C.A.A., 266 F.3d 152 (3rd Cir. 2001); Dawn L and Michael L. v. Greater Johnstown School Dist., 586 F. Supp. 2d. 332 (W.D. Pa. 2008); Jane Doe v. North Allegheny School Dist. 2009 U.S. Dist.

LEXIS 89397 (W.D. Pa. 2009). It is beyond dispute that Bucknell University receives "Federal financial assistance" and is thus subject to Title IX.

Title IX is a recognized right, enforced through the Courts and the United States Department of Education, Office for Civil Rights (OCR), an administrative agency of the federal government, whereby a school is in violation of Title IX when:

1. A responsible school official knew of or reasonably should have known of harassment;
2. The school failed to respond promptly and effectively to eliminate the hostile environment and prevent its recurrence; or
3. The accused student's conduct was unwanted and sufficiently serious to deny or limit the harassed student's ability to participate in an educational program or benefit.

U.S. Dept. of Educ., *Office for Civil Rights, Revised Sexual Harassment Guidance: Harassment of Students by School Employees, Other Students, or Third Parties*, at 11 (2001), available at http://www.ed.gov/offices/OCR/archives/pdf/shguide.pdf; see also Barrett v. W. Chester Univ. of Pa. of the State Sy., 2003 U.S. Dist. LEXIS 21095 at *19 (E.D. Pa. 2003) (discussing enforcement role of the OCR with respect to Title IX).

Furthermore, any and all disciplinary proceedings "must be conducted in a manner that is <u>mindful of both the risk of erroneous deprivation of a student's liberty and property interests in his or her education and the school's interests in the efficient administration of discipline</u>." See Hogan at 282 (emphasis added) (citing Matthews v. Eldridge, 424 U.S. 319, 335 (1976)).

Turning to the matter herein, Defendants have violated and are continuing to violate Plaintiff's Title IX interests given the ham handed manner with which they have handled Plaintiff's attack at the hands of Mr. Dempsey, a manner bespeaking more of an atmosphere and old-school attitude of "boys will be boys" rather than a proper attention to the awful realities of sexual assault/misconduct and its repercussions for the victim. First, Defendants failed to take proper, prudent, and appropriate measures to minimize and eliminate the continuing harms to Plaintiff as a result of Mr. Dempsey's sexual misconduct, his post-incident retaliation, and the subsequent internal actions and proceedings (actual and planned) of the Defendants, all of which constitute ongoing harassment. Second, Defendants have further violated Plaintiff's Title IX interests by allowing Mr. Dempsey, without any merit whatsoever, to file <u>and pursue</u> retaliatory, harrassing internal charges against Plaintiff. See letter dated September 29, 2010, attached as Exhibit "E".

### B. Plaintiff Will Suffer Immediate and Irreparable Harm if Compelled to Attend the HBSM Hearing on October 5, 2010

Plaintiff's Emergency Motion for Preliminary Injunction to enjoin Defendants from compelling her to attend the October 5, 2010 HBSM Hearing, should be granted because Plaintiff will suffer immediate and irreparable harm, and is the only way to prevent Plaintiff from suffering harm. In order to satisfy the irreparable harm element, "plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following the trial .... [T]<u>he preliminary injunction must be the only way of protecting the</u>

plaintiff from harm." See Instant Air Freight Co. v. C.F. Air Freight, Inc. 882 F.2d 797, 801 (3rd Cir. 1989)   Plaintiff will suffer immediate and extraordinary irreparable harm if compelled to attend the October 5, 2010 HBSM hearing in a number of respects.

First, Plaintiff -- pursuant to Defendant Bucknell's Code of Conduct procedures -- is precluded from having counsel present during this hearing.  As such, Plaintiff is immediately put into a situation where her legal interests are not in any meaningful way protected, preserved and represented.  Rather Plaintiff will be put into an adversarial situation.  Ms. Stefanowicz is thus in jeopardy, a jeopardy created by a hearing process that does not afford her the right to counsel, the right to remain silent and not attend, the right not to be cross-examined by her attacker, the right not to be in the presence of or close proximity to her attacker, and the right to provide testimony in a safe environment, one which does not subject her to undue anxiety, nervousness or any other psychological impediment that could improperly cause those sitting in judgment of her to have their views of her testimony or credibility unfairly and improperly skewed. Second, Plaintiff without counsel can in no way insure that the internal HBSM hearing will not adversely affect her constitutional due process right as a victim, and to a fair external criminal prosecution of her attacker.  Third, Plaintiff's decision not to participate in the HBSM hearing will immediately subject her to University sanctions, including but not limited to suspension, and/or being found guilty *in absentia* concerning the commission of a Category I offense.  See Bucknell University, Student Handbook (2010-2011), at p 94, ¶ 9.  Such potential academic

13

punishments will significantly hinder Plaintiff's educational experience, and will be a permanent record adversely affecting Plaintiff's efforts for advancement toward graduate school or employment. Fourth, Plaintiff's privacy interests are immediately harmed. Under improper circumstances and conditions, she will be compelled to discuss the criminal acts that have caused her much physical and emotional harm and distress. Additionally, the University has explicitly stated that it intends on audio-taping the proceeding and has already produced discovery to Mr. Dempsey's counsel. Fifth, Plaintiff will continue to be emotionally and physically harmed as a result of the HBSM hearing as designed. She will be forced to re-live the traumatic and excruciating details of the September 5, 2010 sexual assault. What is worse is the fact that she will have to do so in the immediate presence of her attacker and under the glare of his previously crafted questioning. In all, the HBSM hearing will serve to re-victimize Plaintiff at the hands of Mr. Dempsey, with the Defendants knowing and complicit on lookers.

### C. There is no Prejudice or Harm to Non-Moving Party

Defendants and Mr. Dempsey and his criminal defense attorney. In fact, Defendants have been put on notice numerous times concerning the legal and constitutional issues raised by going forward with the HBSM hearing. Furthermore, Mr. Dempsey's rights regarding his criminal proceeding are being represented by competent counsel and granting this Motion will in no way negatively affect the criminal proceeding.

### D. Granting the Preliminary Injunctive Relief is in the Interest of the Public

It is in the public interest that Plaintiff, or any other victim of sexual assault, be afforded and have vigorously protected her various legal rights, including but not limited to due process and equal protection under the Fourteenth Amendment; Sixth Amendment right to counsel and under Title IX (20 U.S.C. §§ 1681-1688). In fact numerous Courts have recognized the public welfare and public interest in upholding goals related to students such as Plaintiff, including with respect to Title IX. See e.g. Barrett v. W. Chester Univ. of Pa. of the State Sy., 2003 U.S. Dist. LEXIS 21095 at *19 (E.D. Pa. 2003); Cohen v. Brown Univ., 809 F. Supp. 978 (Dist. R.I. 1992).

### IV. CONCLUSION

For the reasons set forth herein, Plaintiff's Emergency Motion for Preliminary Injunction should be granted.

Respectfully submitted,

/Peter M. Villari, Esquire
Paul D. Brandes, Esquire
Anthony J. Voci, Jr., Esquire
Attorney I. D. Nos. 26875; 59769; 61777
VILLARI, BRANDES & KLINE, P.C.
8 Tower Bridge, Suite 400
161 Washington Street
Conshohocken, PA 19428
(610) 729-2900
*Attys. For Plaintiff*

Dated: October 2, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY STEFANOWICZ, <br> 701 Moore Avenue <br> Lewisburg, PA 17837 <br><br> PLAINTIFF, <br><br> vs. <br><br> BUCKNELL UNIVERSITY, <br> KARI CONRAD, and <br> WAYNE BROMFIELD, ESQ. <br> Lewisburg, PA 17837 <br><br> DEFENDANTS. | CIVIL ACTION NO.: 02-6000 |

## AFFIDAVIT

I, Anthony J. Voci, Esq., Attorney for Plaintiffs, hereby verify that the factual statements made in the Plaintiff's Emergency Motion for Preliminary Injunction and Memorandum in Support thereto, are true and correct to the best of my knowledge, information and belief. For purposes of expediency, Plaintiff's Counsel has filed such Affidavit in lieu of Plaintiff, and if necessary, can file a Substituted Affidavit on behalf of Plaintiff.

Commonwealth of PA
County of Montgomery
Sworn and subscribed to before me
on this 02 day of Oct, 20 10

Dated: October 2, 2010

Respectfully submitted,

Anthony J. Voci, Esquire

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Kimberly Zera, Notary Public
Whitemarsh Twp, Montgomery County
My commission expires May 05, 2014

1